In re AMERICAN BIOCULTURE, INC.,
a New York Corporation, Bankrupt.

FIRST MISSISSIPPI CORPORATION,
Plaintiff–Appellant,

v.

Jon VOGEL, Trustee,
Defendant–Appellee.

No. 78–1606.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 1980.

Decided Oct. 31, 1980.

Redfield T. Baum, Rawlins, Ellis, Burrus & Kiewit, Phoenix, Ariz., argued for plaintiff–appellant; James M. Marlar, Phoenix, Ariz., on brief.

David L. Haga, Jones, Teliborg, Sanders, Haga & Parks, Phoenix, Ariz., for defendant–appellee.

Before GOODWIN and SKOPIL, Circuit Judges, and WILKINS,* District Judge.

WILKINS, District Judge.

First Mississippi Corporation appeals from the judgment determining that the sale of certain foreign patents by American Bioculture, Inc. was free and clear of a lien in favor of First Mississippi. This sale occurred prior to the adjudication of American Bioculture as a bankrupt.

In the months preceding its bankruptcy, American Bioculture was involved in both Chapter X and Chapter XI proceedings in Bankruptcy Court during which the Court determined Appellant, First Mississippi, to be a secured creditor in that First Mississippi had loaned American Bioculture $300,-000.00. All United States Patents, the United States Patent Application, and "all designs, know–how and technology relating to or arising out of the foregoing Patents and Patent Application" owned by American Bioculture were collateral for this loan. Additionally, the Bankruptcy Court permitted a sale of all foreign patents and patent applications together with the attendant technology and know–how to Algae Prod-

---

* Honorable Philip C. Wilkins, Chief United States District Judge for the Eastern District of California, sitting by designation.

ucts Corporation. When American Bioculture's Receiver refused to release the know–how and technology to First Mississippi due to what he saw to be a conflict between the Court's Reclamation Order regarding domestic patents and application with technology and its Order Confirming the Sale of foreign patents and applications with technology, First Mississippi filed a Motion for Clarification of the Sale Order. In ruling on this Motion, the Bankruptcy Judge found both First Mississippi and Algae to have rights to the documents containing know–how and technology and directed that it be distributed to both. It is from this Order, as clarified and affirmed by the Arizona District Court, that First Mississippi appeals.

The first issue raised concerns the scope of First Mississippi's secured interest in the technology and know–how received as collateral for its loan to American Bioculture. First Mississippi contends that its security agreement with American Bioculture extends to *all* technology and know-how developed by the latter to the exclusion of any other use. Were this to be established, the Bankruptcy Court would have been precluded from selling that technology absent either extending procedural protections to the secured creditor, *see e. g.* Bankruptcy Rule 11–61(a)(3), or, at least, subjecting the property sold to Algae to a lien in favor of First Mississippi.

The threshold question that must be answered to resolve this issue is the scope of the Security Agreement entered by First Mississippi and American Bioculture. The pertinent language of that Security Agreement is as follows:

Borrower [American Bioculture] hereby pledges, assigns, and grants to Creditor [First Mississippi] as security for the performance of the agreement . . . :

(a) A security interest in and to

(i) the following U.S. patents and patent application [with numbers listed].

(ii) all designs, know–how and technology relating to or arising out of the foregoing Patents and Patent Application.

(b) All proceeds of the foregoing collateral.

It is First Mississippi's contention that this language entitled it to *all* technical information developed by American Bioculture in connection with its patents, without exception. The appellee, however, contends that the use of the word "all" in (a)(ii) of the Agreement refers to use of all technology and know–how in exploitation of domestic patents, but this language does not prevent use of all the same technology by Algae in exploiting foreign patents.

Case law on the subject is sparse. It has been held that foreign patents do not arise out of United States patents. *Deepsouth Packing Co., Inc. v. Laitram Corp.*, 406 U.S. 518, 92 S.Ct. 1700, 32 L.Ed.2d 273, *rehearing denied*, 409 U.S. 902, 93 S.Ct. 94, 34 L.Ed.2d 165 (1972); *Grissinger v. United States*, 77 Ct.Cl. 106 (1933). Additionally, foreign and domestic patents have been held to create parallel but distinct monopolies, thus implying that they are capable of separate exploitation. *Aluminum Co. of America v. Sperry Products, Inc.*, 285 F.2d 911 (6th Cir. 1960), *cert. denied*, 368 U.S. 890, 82 S.Ct. 139, 7 L.Ed.2d 87 (1961); *Atlas Glass Co. v. Simonds Mfg. Co., et al.*, 102 F. 643 (3d Cir.), *cert. denied*, 179 U.S. 684, 21 S.Ct. 916, 45 L.Ed. 386 (1900).

A determination of the intent of the parties in entering the security agreement is implicit in the Bankruptcy Judge's Order of Clarification which is the original subject of this appeal. Because the Judge did provide the know–how and technology to both parties, he must have rejected any intent to make First Mississippi's interest "exclusive." The District Court, in review, interpreted the agreement in the same fashion (finding it to be geographically limited to the United States) and thus expressly found what the Bankruptcy Judge implicitly found. We find this interpretation–that the Agreement gave First Mississippi access to the complete know–how and technology but did not find its interest to be exclusive–was not clearly erroneous, and that the implicit conclusion flowing therefrom–that

First Mississippi had no lien on the technology sold to Algae—was not contrary to law. *Matter of Christian & Porter Aluminum Co.*, 584 F.2d 326, 335 (9th Cir. 1978). This determination makes it unnecessary to reach the other issues raised by appellant.

The judgment of the District Court is Affirmed.